## BRYAN v. TEAL et al.

A distress warrant in favor of G. W. & H. T. Teal, issued upon an affidavit which alleged that there appeared before the undersigned a named person as "attorney at law for H. T. Teal, who upon oath says that J. F. Bryan, the tenant of H. T. Teal of said county, is justly indebted to G. W. & H. T. Teal" a named sum, should have been quashed upon a demurrer to the affidavit, on the ground that there was nothing in the affidavit to show that the affiant had been employed as attorney by G. W. Teal, or that H. T. Teal was authorized to employ an attorney in behalf of G. W. Teal.

Submitted May 1,—Decided June 10, 1902.

Certiorari.  Before Judge Butt.  Talbot superior court.  September 18, 1901.

*Jesse J. Bull,* for plaintiff in error.
*Persons & McGehee* and *A. J. Perryman,* contra.

COBB, J.  A distress warrant, reciting that the attorney at law of H. T. Teal had made oath that J. F. Bryan was indebted to G. W. & H. T. Teal a named sum for rent, was issued against J. F. Bryan.  In the affidavit upon which this warrant issued it was alleged that there appeared before the officer administering the oath a named person as "attorney at law for H. T. Teal, who upon oath says that J. F. Bryan, the tenant of H. T. Teal of said county, is justly indebted to G. W. & H. T. Teal" a stated number of pounds of cotton of a given value, for rent of a described tract of land. When the case came on to be heard in the justice's court, the defendant demurred to the affidavit upon which the distress warrant was issued, and moved to quash the warrant and dismiss the levy, upon the ground that the affidavit did not show upon its face that the affiant was the attorney of G. W. Teal.  The justice overruled the demurrer, and the case was carried to the superior court by certiorari, where the judgment of the justice was sustained.  The defendant then sued out a bill of exceptions and brought the case to this court.  It appears from the answer of the justice of the peace that he admitted evidence on the motion to quash the warrant, from which it appeared that Bryan was the tenant of G. W. & H. T. Teal, who were tenants in common of the premises described in the affidavit, and that G. W. Teal died before the distress warrant was issued.  On the motion to quash the warrant of course the justice should not have admitted evidence.  The affidavit was

fatally defective for the reasons above referred to. It did not appear from the face of the affidavit whether the Teals were partners or tenants in common, and there was nothing in any of the allegations of the affidavit which showed any authority on the part of the affiant to appear as attorney for G. W. Teal, or authority on the part of H. T. Teal to employ an attorney in behalf of G. W. Teal. If the affidavit had set forth that G. W. Teal was dead, and that the premises described in the affidavit had been held by G. W. and H. T. Teal during the lifetime of the former as tenants in common, and that Bryan had entered as the tenant of the Teals during the lifetime of G. W. Teal, and that there was no administration upon his estate, or if there had been a motion to amend the affidavit by setting forth these facts, an entirely different question from that presented by the record would have been made for decision. As the affidavit did not show upon its face any authority for the affiant to appear as attorney for one of the parties who was apparently interested in the claim for rent, and who was, so far as appears from the affidavit, then in life, it was fatally defective, and the motion to quash the warrant should have been sustained. The court erred in overruling the certiorari.

*Judgment reversed.    All the Justices concurring, except Lewis, J., absent.*